70 F.3d 1282
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gary Randall HOXSIE, Petitioner-Appellant,
v.
Dareld KERBY, Warden; Attorney General of the State of New
Mexico, Respondents-Appellees.
 No. 94-2238.
 United States Court of Appeals, Tenth Circuit.
 Nov. 15, 1995.
 
 Before ANDERSON, LOGAN and REAVLEY*, Circuit Judges.
 ORDER AND JUDGMENT**
 REAVLEY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner-appellant Gary Randall Hoxsie appeals from the order of the United States District Court dismissing with App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner-appellant Gary Randall Hoxsie appeals from the order of the United States District Court dismissing with prejudice his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. Hoxsie claims the New Mexico Department of Corrections (DOC) violated the Ex Post Facto and Due Process Clauses of the Constitution when it stopped awarding good time credits to prisoners who had received life sentences. We affirm.
 
 BACKGROUND
 
 4
 In 1983, Hoxsie was sentenced in state court to life in prison for murder and armed robbery. At the time of Hoxsie's offense, the practice of the DOC was to award good time credit to prisoners serving life sentences, and for some six years Hoxsie had received such credits, so that by April 1, 1988, his parole eligibility date had been reduced from 2012 to 2009. In 1986, the New Mexico Attorney General's office issued an opinion that under N.M.Stat.Ann. Sec. 31-21-10(A) (1980 Supp.), prisoners like Hoxsie, who had been sentenced to life imprisonment for a crime committed on or after July 1, 1979, were not eligible for good time credits.[1] Despite the Attorney General opinion, the DOC continued to grant Hoxsie and other lifers good time credits until August, 1988, at which time the DOC sent Hoxsie and others a letter announcing that all inmates serving life sentences would not be eligible for good time credits. Hoxsie alleges that the change in the DOC regulations to disallow good time credits for prisoners serving life sentences violated the Ex Post Facto and Due Process Clauses of the Constitution.
 
 ANALYSIS
 
 5
 Hoxsie's claims are controlled by our decision in Stephens v. Thomas, 19 F.3d 498 (10th Cir.1994). In Stephens, the habeas petitioner had received a life sentence. The parole statute for lifers at issue in Stephens stated in pertinent part "prisoners sentenced to life imprisonment shall become eligible to appear before the parole board after they have served ten years."[2] Because the DOC had given Stephens good time credits, he was to come before the parole board after serving only seven years. Stephens was denied parole after the Attorney General informed the DOC and the parole board of its determination that lifers were not eligible for good time credits. Stephens challenged the forfeiture of his good time credits under the Ex Post Facto and Due Process Clauses. The Stephens court held that the Ex Post Facto Clause was not implicated where the State only corrected "a misapplied existing law which disadvantages one in reliance on its continued misapplication." Id. at 500. The court also held that the DOC's new interpretation of the statute was foreseeable and that Stephens had no protectable liberty interest in parole earlier than the ten-year minimum time established by statute. Id. at 501.
 
 
 6
 a. Ex Post Facto Claim
 
 
 7
 Hoxsie's ex post facto claim cannot be meaningfully distinguished from Stephens. In both cases the sentence was life. In each case, the correct construction of New Mexico law does not allow lifers to receive good time credit to reduce the statutory minimum for parole consideration. In neither case did the DOC have discretion to say otherwise. Stephens holds that under such circumstances the loss of good time credits does not violate the Ex Post Facto Clause. That holding is binding on Hoxsie.
 
 
 8
 b. Due Process Claim
 
 
 9
 Hoxsie admits that under Stephens he has no protected liberty interest in his good time credits. Nevertheless, Hoxsie claims that the DOC's change was so drastic that due process requires us to apply even an illegal interpretation of the statute. Stephens did not address this argument directly, but on the facts Stephens was at least as sympathetic a case as this one. In particular, Stephens had his good time credits revoked only four days before he was to appear before the parole board, while Hoxsie was to remain in jail for about ten more years before being eligible for parole. Furthermore, the cases Hoxsie relies on do not support his due process argument. Those cases hold that the reasonableness of the original interpretation is a key factor in determining whether the change violates due process.[3] Stephens stands for the proposition that the DOC's original interpretation found no support in the statutes, and was therefore unreasonable. In short, Hoxsie has no due process claim under Stephens.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The Honorable Thomas M. Reavley, United States Court of Appeals, Fifth Circuit, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 N.M.Stat.Ann. Sec. 31-21-10(A) reads in pertinent part "An inmate ... becomes eligible for a parole hearing after he has served thirty years of his sentence."
 
 
 [2]
 N.M.Stat.Ann. Sec. 42-17-24(4) (Michie 1953)
 
 
 [3]
 See, e.g., DeWitt v. Ventetoulo, 6 F.3d 32, 35 (1st Cir.1993) (stating that the reasonableness of the original interpretation is an important factor in the due process analysis); see also Lerner v. Gill, 751 F.2d 450, 458 (1st Cir.1985) (stating that there is no due process violation if the later interpretation is foreseeable, which will always be the case where the original interpretation is unreasonable)